GENEVA COWART, EMPLOYEE, PLAINTIFF v. SKYLINE RESTAURANT, EMPLOYER, AND AETNA CASUALTY & SURETY COMPANY, CARRIER, DEFENDANTS

No. 8410IC792

(Filed 7 May 1985)

**Master and Servant § 77.1— change of condition within two years of last payment —insufficient evidence**

> The record did not support the Industrial Commission's finding that plaintiff had a substantial change of condition within two years of the last and final payment of compensation where the Commission based its finding on the testimony of plaintiff's treating physician, who examined plaintiff more than two years and seven months after the last payment and testified that she had a change of condition, but did not testify as to when it occurred.

Judge WELLS dissenting.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission entered 16 February 1984. Heard in the Court of Appeals 1 April 1985.

This is a worker's compensation proceeding wherein plaintiff's attorney, by letter dated 13 April 1981, notified the Commission that plaintiff wished to reopen her case for further review because of a substantial change in condition since the last payment of compensation to her on 7 November 1979.

On 4 May 1983 Deputy Commissioner Winston L. Page, Jr., after a hearing conducted on 16 June 1982, entered an opinion and award wherein he made a finding and conclusion that plaintiff had not "sustained a substantial change in her condition within two years of November 7, 1979, the date she last received compensation."

On appeal, the Full Commission, Chairman Stephenson dissenting, made a finding and conclusion that

> Plaintiff sustained a substantial change in her condition for the worse within two years of the date she last received compensation. She is entitled to compensation at the rate of $100.00 a week for 60 weeks for the 20 percent increase in her permanent partial disability of the back.

From an order requiring defendants to pay additional compensation in accordance with the conclusion set out above, defendants appealed.

*Stepp, Groce & Cosgrove, by Edwin R. Groce, for plaintiff, appellee.*

*Russell & Greene, P.A., by J. William Russell, for defendants, appellants.*

HEDRICK, Chief Judge.

The determinative question raised by this appeal is whether the Full Commission's finding of fact, labeled a conclusion of law, that the plaintiff had a substantial change of condition within two years of the last and final payment of compensation, is supported by any evidence in the record. We hold that it is not. Indeed, the evidence in the record compels the finding that plaintiff did not have a substantial change of condition within two years of the last and final payment of compensation.

The Commission obviously based its ultimate finding on the testimony of Dr. McConnachie, plaintiff's treating physician. We realize that, based on his examination of the plaintiff one day before the hearing and more than two years and seven months after the final payment of compensation, Dr. McConnachie testified that plaintiff had a change of condition; he did not, however, testify as to when such change occurred. Moreover, the same doctor wrote

a letter to defendant Aetna on 17 December 1981 stating that "Mrs. Cowart has not had a change in her condition." We point out that all of this occurred more than two years after the final payment of compensation.

In our opinion, no construction of the evidence contained in this record yields any support for the Commission's ultimate finding and conclusion. The decision of the Full Commission, dated 22 February 1984, must be reversed and the proceeding remanded to the North Carolina Industrial Commission for the entry of an order dismissing plaintiff's claim for further compensation.

Reversed and remanded.

Judge MARTIN concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

Implicit in the majority opinion is the requirement that plaintiff's change of condition must have actually occurred within two years of her final payment of compensation. In my opinion, the cases over the years reflect a requirement that when an injured worker seeks to establish a right to additional compensation based on a change of condition, the right must be asserted within two years of the last payment of compensation, but I have found no case which holds or even suggests that the worker must establish that the change of condition actually occurred within two years. Logically, once the claim is timely asserted, a worker should be as entitled to compensation for whatever degree of additional disability he may establish up to the time of hearing on his claim. In this case, Dr. McConnachie's testimony established that plaintiff suffered a change of condition for the worse within two years of her last payment of compensation.

For these reasons, I respectfully dissent and vote to affirm the Commission's award.